## H. F. BANKER v. E. H. BREAUX.

No. 7324. Decided May 17, 1939.
(128 S. W., 2d Series, 23.)

184

*Smith, Smith & Boyd,* of Beaumont, for plaintiff in error.

Plaintiff's asserted cause of action against defendant being on an alleged third party beneficiary contract under which he claimed to be the beneficiary, and the original parties to such alleged contract having rescinded and terminated same prior to any knowledge thereof on the part of plaintiff and before any acceptance by plaintiff, plaintiff was not entitled to recover of defendant as prayed for by him. Edwards v. Beals, 271 S. W. 887; Waggoner v. Herring-Showers Lbr. Co., 120 Texas 605, 40 S. W. (2d) 1; 10 Tex. Jur. 485.

*B. T. McWhorter, Jr.,* of Port Arthur, *Gordon Lawhon, Sharfstein & Bell,* of Beaumont, for defendant in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Jefferson County by the defendant in error, E. H. Breaux, against the plaintiff in error, H. F. Banker, and one Bruce Badger. The purpose of the suit as against Banker, was to recover judgment for the balance due on a certain vendor's lien note, hereinafter more fully described, executed by one Elmer Preston Webb and his wife, Annie; said note being secured by the vendor's lien on a certain city lot in Beaumont. As against Bruce Badger a foreclosure of said lien on the lot was sought. Badger was duly cited but did not appear. Judgment by default was rendered against him foreclosing said lien. The case, as between Breaux and Banker, was tried before a jury, but at the conclusion of the testimony the trial court instructed the jury to return a verdict for Banker. The jury returned the verdict as they were instructed to do, and judgment was rendered in favor of Banker. Badger did not appeal from the judgment of the trial court, but Breaux appealed therefrom in so far as it was in favor of Banker. The Court of Appeals reversed said judgment in this respect, and rendered judgment in favor of Breaux. 107 S. W. (2d) 382. Banker has been granted the writ of error.

In view of the conclusion we have reached it becomes unnecessary to state the details of evidence to other questions raised but which need not be decided. The following are the facts which bear on the question which we shall discuss and decide:

On December 17, 1924, Breaux deeded to Elmer Preston Webb and wife the city lot involved in this suit. For the purchase money for the lot, the Webbs executed to Breaux their promissory note for the sum of $1950, payable in monthly installments of $10.00 each, and, to secure the payment of said note, the vendor's lien was reserved in said deed. On June 17, 1930, the Webbs conveyed said lot to the plaintiff in error, Banker, by general warranty deed. The lot was conveyed to Banker subject to the vendor's lien by which the purchase money note made by the Webbs to Breaux was secured; but Banker did not assume the payment of the said note. At the time the deed to Banker was made, the amount of the Webb note had been reduced to the sum of $1715 by payments which the Webbs had made. After acquiring the lot, Banker made a number of payments on the note and, on February 2, 1931, the unpaid balance amounted to $1370. On this last mentioned date, Banker and his wife, by general warranty deed, conveyed the lot in question to J. A. and V. V.

Willis, for the consideration of $2,000. One hundred dollars of this sum was paid by the Willises in cash, and for the remainder they executed to Banker their promissory note for the principal sum of $1900, payable in monthly installments of $25.00 each. The vendor's lien was reserved in the deed to secure the payment of this note. Said deed contains a provision respecting the unpaid balance of the Webb note held by Breaux, which provision will be later set out and discussed. After this deed was executed, Banker made two payments on the Webb debt, but made no further payments thereon. The Willises never made any of the monthly payments on their note to Banker. On January 13, 1933, the Willises, at the request of Banker, deeded the lot to Bruce Badger. This deed provided that the conveyance was made subject to the Webb debt. The consideration recited in the deed was "one dollar and other valuable considerations." The deed contained a general warranty. Banker surrendered to the Willises their unpaid note, but the latter paid the accrued interest thereon which amounted to $145. Sometime after the deed to Badger was executed this suit was commenced.

There is no foundation for the claim which Breaux asserts against Banker unless same lies in the following provision contained in the deed which the Bankers executed to the Willises:

"It is expressly understood between the parties hereto that there is an outstanding indebtedness against the property hereinabove described, amounting to the sum of $1,370.00 which the grantors herein agree to pay as it matures; upon failure to do so, the grantees herein are given the right to pay same, and payments so made shall apply on the note herein given as part of the consideration."

■ The term "outstanding indebtedness' contained in the foregoing provision has reference to the purchase money debt of the Webbs to Breaux. This debt was secured by the superior lien on the lot which the Bankers deeded to the Willises, but at the time said deed was made none of the parties to that instrument was under any liability to pay said debt. Breaux, the holder of said debt, was neither a party nor privy to the contractual provision contained therein which is quoted above. The law is well established that a third person may sue to enforce a contractual provision made for his benefit, but to entitle him to enforce such provision it must be shown that the contracting parties intended to make same for his benefit. The intention of the contracting parties in this respect

is of controlling importance. 10 Tex. Jur. pp. 478 and 483. It becomes necessary, therefore, to examine the foregoing provision, in the light of the attending circumstances, to ascertain the intention of the parties to said deed in making said provision. It is plain enough that the terms of the first clause of this provision import a promise on the part of the Bankers to pay said "outstanding indebtedness," but it is needless to consider what legal effect this promise would have had, in respect to the enforcement of same by Breaux, if the contracting parties had omitted the next clause of said provision. In this clause the contracting parties qualified the legal effect of the promise which the first clause imports, as they had the right to do, by stipulating what effect the breach of said promise would have. They stipulated in effect that, in case of failure of the grantors to pay said "outstanding indebtedness," the grantees would have the right to pay same and thus reduce the amount of their own purchase money obligation to the grantors. It is to be presumed that, in using the language they did in this clause, the contracting parties meant exactly what they said; and did not mean to imply that the breach of said promise would supply the basis for a suit by the holder of said "outstanding indebtedness." As qualified by this stipulation, the promise clearly was not made for the benefit of Breaux.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court May 17, 1939.