**JONES et al.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 13348.

United States Court of Appeals Ninth Circuit.

Jan. 12, 1954.

Preston D. Orem, Los Angeles, Cal., for appellants.

Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Joseph F. Goetten, Sp. Assts. to Atty. Gen., Mason B. Leming, Acting Chief Counsel, Bureau of Internal Revenue, Fred Youngman, Sp. Asst. to Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Jones and his wife, hereafter Jones, seek a review of a decision of the Tax Court taxing as ordinary income the proceeds of the sale of four parcels of property sold by Jones, contending the Tax Court erred in not taxing the sale proceeds as income from investment held over six months. I.R.C. § 117(b), 26 U.S.C.A. Mrs. Jones was not a participant in any of the acts involved in the four properties nor a witness in the Tax Court's hearings.

Before the Tax Court Jones had the burden of proof to show the Commissioner's assessment was invalid. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Rogan v. Blue Ridge Oil Co., 9 Cir., 83 F.2d 420, 422 certiorari denied 299 U.S. 574, 57 S.Ct. 38, 81 L.Ed. 423, Jones testified before the Tax Court concerning the four sales. The Tax Court found his testimony as to the character of his holding of the four parcels "unworthy of credence," which requires other testimony to support his contentions that the findings of that court have no substantial support in the evidence.

Jones' occupations regarding real estate were of three kinds. He engaged in a real estate brokerage business, thus handling other persons' property, for which he was licensed under the California law. He also bought properties for resale at a profit. He also bought such properties for a permanent investment. Here the burden of proof is on Jones to show in which of the latter two categories he bought and held the four

parcels in question. They are here designated by their street numbers.

The 240 Hill Street property is a business garage located in an M–2 zone in Los Angeles, California. An M–2 zone is one in which light manufacturing is permitted. The building has two sub-floors and four floors above the ground and is suitable for warehousing purposes. It was purchased on December 12, 1944. Because of a low O. P. A. ceiling, the building could not be rented for garage purposes except on a month-to-month basis at a low rental. Within three months after acquisition, Jones advertised the building for sale or lease and continued so to advertise it during the entire time he held it. On January 7, 1946, Jones sold the building at a profit of $68,595.05. Here the only testimony of the character of his holding of the property is that of the discredited Jones. From the other facts the Tax Court could infer the holding was for resale. Hence his burden of proof is not sustained. The decision of the Tax Court is affirmed.

The 7017 Melrose Avenue property is a one-story store building containing three stores which Jones acquired on August 22, 1944, for a cost of approximately $4,250.00. When acquired, the building was in very poor condition and brought in only about $100.00 rentals per month. When possession was acquired from the hold-over tenants, the building was refurbished and thereafter a net rental of almost $400.00 per month was realized. The record does not indicate that Jones advertised or otherwise held out this property for sale. The property was sold in July of 1946 at a profit of $10,167.66. Here again the only testimony on the character of the holding is that of Jones. The Tax Court's decision is affirmed.

The 2400 Inverness Place property is a residence which belonged to a friend of Jones, Franklin P. Warner. Warner was about to lose the place on a mortgage foreclosure. Jones redeemed the place for $14,059.37 cash, taking title to avoid the loss of his home by Warner. When it became evident that Warner would not be able to rehabilitate himself, Jones cleaned the place up and offered it for sale. It was ultimately advertised and sold for $30,297.41. Jones claims that he split the net proceeds with Warner although he reported the entire proceeds as his income. At no time was the property rented or offered for rent while Jones held title. Here again the sole testimony is that of Jones and the decision of the Tax Court is affirmed.

The 2018 Vista Del Mar property is a six-unit, one-story apartment court. Jones testified that he bought it to provide a home for his aged mother who moved into one of the units shortly after the purchase and remained there until six months prior to its sale when she was removed to a rest home because of her illness. Jones states that he would not have considered selling the property while his mother was living there, but that after she had moved out he received an unsolicited offer that was so advantageous that he could not refuse it. During an admitted six years' ownership, the property was never offered for sale to any of Jones' clients nor was it ever advertised.

We think that Jones' testimony as to this 2018 Vista Del Mar property, so supplemented by the admitted fact that he held the property for six years, sustains his burden of proof and that the evidence does not support the Tax Court's finding that the property was held for resale. Foran v. C. I. R., 5 Cir., 165 F.2d 705, 707.

The judgment of the Tax Court as to the first three of the above properties is affirmed. As to 2018 Vista Del Mar, the judgment is reversed and the case remanded to the Tax Court to determine the amount of the deficiency charged to this property in accord with this opinion.