Ballard BURGHER and wife, Grace Dexter Burgher, Appellants,

v.

Ellis CAMPBELL, Jr., Director of Internal Revenue, Appellee.

No. 16209.

United States Court of Appeals
Fifth Circuit.

June 10, 1957.

Webster Atwell, Walton Grayson, III, Dallas, Tex., for appellant.

Meyer Rothwacks, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C. Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, John C. Ford, Asst. U. S. Atty., Dallas, Tex., I. Henry Kutz, L. W. Post, Attys., Dept. of Justice, Washington, D. C., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for respondent.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

In this appeal from a judgment of the trial court sitting without a jury denying part of appellants' claim for refund for illegal collection of income taxes the question is whether the trial court's finding against the taxpayers was clearly erroneous.

In 55 separate findings of fact the trial court separated into two categories the lands sold by the taxpayers during the years in controversy. The findings that part of the land was held by taxpayers for investment resulted in a conclusion by the court that the gains from their sale should have been taxed at capital gains rates and thus resulted in a judgment for a refund of the taxes illegally collected as on ordinary income. The findings that part of the lands were held primarily for sale to customers in the ordinary course of trade or business when sold resulted in a conclusion by the court that taxes exacted by the Director of Internal Revenue on the ordinary income basis were legally collected.

Neither the Government nor taxpayers are in doubt as to the applicable law in such cases. They both cite the same authorities. Smith v. Commissioner, 5 Cir., 232 F.2d 142; Ross v. Commissioner, 5 Cir., 227 F.2d 265; Smith v. Dunn, 5 Cir., 224 F.2d 353; Goldberg v. Commissioner, 5 Cir., 223 F.2d 709, to mention only a few.

■■■ It cannot be seriously contended by taxpayers that the trial court reached its ultimate conclusions by applying incorrect principles of law or that there was no substantial evidence on which the trial court might properly draw the inference that Mr. Burgher, who had spent his entire business life in one phase or another of the real estate business and who had bought and sold real estate for his own account before 1942 and had admittedly done so after the tax years here in question, selling some of the lots in the very tracts here in issue, did hold the Shaughnessy tracts as a developer of real estate. We need not recite all the facts pro and con, since we, of course, do not reverse the judgment of a trial court in a case such as this even under the theory announced in Galena Oaks Corporation v. Scofield, 5 Cir., 218 F.2d 217, unless we are convinced that the judgment was clearly erroneous. We do, however, point to the fact that part of this land was sold to a wholly owned corporation a little over two years after it was acquired and was by it subdivided and sold to the public. Such action was consistent with a holding by the taxpayers for sale rather than for investment. The fact that it was sold in a raw state in a tract of 41 acres is not decisive. The question is whether it was held for sale at the time. Neither is it decisive that the customer

to which it was sold was a wholly owned corporation. The fact that Mr. Burgher with all of his buying and selling history bought the land in 1945 and sold it in 1947 to a corporation controlled by him and which immediately subdivided and sold lots from it, is ample evidence on which the court could find that it was bought in 1945 for that purpose. There is the further fact that Mr. Burgher got back some of the lots himself and later sold them, admittedly in the ordinary course of his real estate business. The trial court was not required to accept the theory advanced by the taxpayer that this particular property for these particular years was held for investment rather than for sale when it was actually sold so soon after its acquisition. The sale of other parts of the Shaughnessy tract and of the Parnell tract, bought in 1946, part to an individual and part to the City of Dallas for a park, could reasonably be identified by the trial court with the business of the taxpayers.

We conclude that the findings of fact necessary to support the court's conclusion that the property sold was held primarily for sale to customers in the ordinary course of taxpayers' business are supported by substantial evidence and are not clearly erroneous and the judgment must be affirmed.