**Manuel CEDILLO, Alberto Sanchez et al.,**
**Appellants,**

v.

**STANDARD OIL COMPANY OF TEXAS,**
**Appellee.**

**No. 18293.**

United States Court of Appeals
Fifth Circuit.

May 26, 1961.

Rehearing Denied Sept. 11, 1961.

Ernest Guinn, El Paso, Tex., Guinn, Guinn & Truex, El Paso, Tex., of counsel, for appellants.

J. F. Hulse, W. A. Thurmond, Scott, Hulse, Marshall & Feuille, El Paso, Tex., for appellee.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

CAMERON, Circuit Judge.

We are called upon here to determine whether the appellants were in fact the employees of Standard Oil Company of Texas, appellee, and, as such employees, were covered by the provisions of the collective bargaining contract existing between Standard Oil and The International Union of Operating Engineers, Local No. 552, the certified bargaining agent for Standard's employees. The lower court found they were not. We agree.

The appellants, Manuel Cedillo, Alberto Sanchez and thirty-six others, had worked as laborers for various periods of time in the maintenance division at the El Paso County, Texas plant of Standard Oil. At all times relevant hereto Standard had a bargaining contract with I.U.O.E. which covered, among other things, such wages and benefits to which Standard's employees would be entitled. The appellants were not members of the I.U.O.E., belonging, instead, to the Hod Carriers' Union.

Standard Oil also had a contract with Vowell Construction Company, which provided that Vowell would furnish to Standard the necessary labor and equipment required by Standard to maintain the plant. At the end of each month Vowell would bill Standard, at predetermined rates, for the amount of labor and equipment used during the month. This contract expired by its own terms January 4, 1957 and was not renewed when Vowell was underbid for the work to be done during 1957.

Eight of the appellants were laid off in November, 1956, when Standard informed Vowell that less men would be needed to handle the work. The employment of the remaining appellants was terminated by Vowell upon expiration of the contract on January 4, 1957.

Thereafter appellants, through the Hod Carriers' Union, filed charges with the National Labor Relations Board against Standard Oil, alleging, among other things, that Standard had caused Vowell to terminate their employment. These charges were investigated, but the Re-

gional Director found the evidence would not support the issuance of a complaint. This action was appealed to, and upheld by, the General Counsel.

The gravamen of the complaint filed below [1] is that appellants were in fact the employees of Standard Oil and, as such employees, were entitled to the same benefits and protection of the bargaining contract as were the other employees of Standard. Prayer was for damages equivalent to the sum of back wages lost by appellants as the result of Standard's paying them wages less than that called for by the contract, plus such wages as were owing them since date of their alleged wrongful discharge. All relief was denied appellants when the lower court found that they had been employees of Vowell Construction and not of Standard Oil.

■ Appellants, in their brief, make repeated references to the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and alleged violations thereof by Standard in dealing with these appellants, but such arguments are inappropriate here since the "Plaintiffs' Original Amended Petition," upon which this case was tried, made no mention of the Act and in no way brought the action within its scope.

■ Stripping this case down to its fundamentals, we have presented nothing but a challenge of the findings of fact of the trial court. It is well settled that, in order for a reviewing court to set aside findings of fact by a trial court sitting without a jury, it must be clearly demonstrated that such findings are without adequate evidentiary support in the rec-

ord, or were induced by an erroneous view of the law,[2] and the burden of showing that the findings are "clearly erroneous" is on the one attacking them.[3] A thorough study of the entire record in this case convinces us that this burden has not been successfully discharged by appellants.

■ On the contrary, the evidence presented to the trial judge fully supports the findings made. It was shown for instance, by testimony and exhibits, much of which was undisputed: that Vowell Construction handled all necessary personal information of the appellants, including the social security numbers; that appellants were carried on Vowell's payroll, and it was Vowell who did the actual paying of appellants; that all pay records were kept by Vowell, including the 1948–1956 records here involved; that Vowell made all income tax deductions from appellants' pay and deducted and paid the required social security tax; that workmen's compensation insurance was carried by Vowell on the appellants, and whenever appellants applied for Texas Workmen's Compensation Benefits after release from employment, they signed up as employees of Vowell, and the payments made to them were charged against Vowell's account; that appellants had the benefit of Vowell's employee benefit plan; that several of the appellants were driven to work each day in a truck supplied by, and driven by an employee of, Vowell; that the tools and equipment used by appellants in their work at Standard's plant were owned and supplied by Vowell; that Vowell carried an insurance and retirement program for its employees, and those of

1. A previous suit was filed by appellants against this appellee based upon the same facts seeking reinstatement and back wages, but the lower court dismissed the petition on the ground that the alleged cause of action was within the exclusive jurisdiction of the National Labor Relations Board. On appeal we reversed and remanded on a point not material here, 5 Cir., 1958, 261 F.2d 443.

2. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; Kwong v. Occiden-

tal Life Insurance Co. of California, 5 Cir., 1960, 273 F.2d 691, 695; Bogue Electric Manufacturing Co. v. Coconut Grove Bank, 5 Cir., 1959, 269 F.2d 1, 4; Burgher v. Campbell, 5 Cir., 1957, 244 F.2d 863, 864.

3. United States v. E. I. duPont de Nemours & Co., 1955, 351 U.S. 377, 381, 76 S.Ct. 994, 100 L.Ed. 1264; Grace Bros. v. Commissioner of Internal Revenue, 9 Cir., 1949, 173 F.2d 170, 174.

the appellants who had worked the re-quired length of time signed up for these programs; that Standard's employees belonged to the I.U.O.E., while appellants belonged to the Hod Carriers' Union, the latter union having no contract with Standard; that a seniority list was maintained under the bargaining contract between Standard and I.U.O.E., which list did not include appellants; that appellants, through the Hod Carriers' Union, filed charges with the N.L.R.B. against Standard on the theory that they were employees of Vowell; and that the tax withholding statements showed appellants' employer to be Vowell.

There was additional evidence introduced which showed the employer-employee relationship actually to exist between Vowell Construction and the appellants rather than between Standard Oil and the appellants, but in view of the overwhelming showing set out above, we deem it unnecessary to develop the thesis further.

 Concluding, therefore, from the record before us that appellants were not the employees of Standard Oil, it follows that they are not covered by the provisions of the bargaining contract between Standard and its employees. Keeping in mind that this case is to be decided on common law principles and not pursuant to the National Labor Relations Act, appellants are forced to demonstrate, since they are actually suing as third-party beneficiaries to the contract, that the contracting parties intended the contract to be for their benefit, and that they accepted it either expressly or by necessary implication.[4]

Here, there is abundant evidence to show that, at the negotiations between Standard and the International Union of Operating Engineers, the I.U.O.E. did not intend to contract for the benefit of the appellants as members of the Hod Carriers' Union. And there is no evidence that appellants ever accepted the contract, if they had the power so to do.

In view of the foregoing, the judgment of the court below, is in all respects,

Affirmed.

---

4. The following cases from Texas support this proposition: Stahl v. Rawlins, Tex. Civ.App.1957, 304 S.W.2d 549; Lindler v. McClure, Tex.Civ.App.1956, 292 S.W. 2d 381; Banker v. Breaux, Tex.Com. App.1939, 133 Tex. 183, 128 S.W.2d 23; Price v. Lee, Tex.Civ.App.1938, 119 S. W.2d 673; Cannon Ball Motor Freight Lines v. Grasso, Tex.Civ.App.1933, 59 S. W.2d 337. See also 10-A, Tex.Jur. (Rev.), Contracts § 291.