J. Stewart MATHEWS and Viola I. Mathews, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

J. Stewart MATHEWS, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 14835, 14836.

United States Court of Appeals Sixth Circuit.

May 6, 1963.

Eugene P. Ruehlmann, Cincinnati, Ohio (Strauss, Troy & Ruehlmann, Kenneth D. Troy, Lucien G. Strauss, Cincinnati, Ohio, on the brief), for petitioners.

Michael K. Cavanaugh, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before WEICK, Circuit Judge, McALLISTER, Senior Circuit Judge, and BOYD, District Judge.

ORDER.

On a petition for rehearing of this case, 6 Cir., 315 F.2d 101, affirming the decision of the Tax Court, it is submitted that the Tax Court did not recognize the legal principle of the dual holding capacity; that its findings of fact and conclusions of law reflect a failure to consider individual properties; and that its findings and conclusions do not, in any way, reject the investment possibility of certain properties in controversy.

There is no doubt that real estate dealers may hold property for investment as well as for sale; and that sales of parcels of real property by an individual may be accorded treatment as capital gains, as to certain parcels, and as ordinary income, as to other parcels, whether such sales have been made by a real estate dealer, or by an individual not generally engaged in such business. Jones v. Commissioner, 209 F.2d 415 (C.A.9); Lobello v. Dunlap, 210 F.2d 465 (C.A.5); Curtis Co. v. Commissioner, 232 F.2d 167 (C.A.3); Burgher v. Campbell, 244 F.2d 863 (C.A.5). The principle set forth in the foregoing cases has already been stated in the opinion of this court in the instant case. The issue whether any of the parcels in question were held for investment or for sale was here squarely before the Tax Court. It decided that all parcels were held for sale rather than that all—or any of them—were held for investment. We cannot say that the Tax Court did not recognize the principle of dual holding capacity, or that its findings and conclusions reflect a failure to consider individual properties in order to ascertain whether certain ones were held for investment or for sale. The Tax Court recited the factors applicable to its determination. While another fact-finder might have found certain of the parcels were held for investment, the question was one of fact; and the findings of the Tax Court were not such as to be held clearly erroneous, calling for reversal on that ground. It is indeed difficult for a layman to understand how a full-time, practicing physician can also be engaged in the holding of property primarily for sale to customers in the ordinary course of his trade or business. But that is the law, established by all the controlling adjudications of the federal courts. That a different measure of taxation should apply to securities held for more than a six-months' period, and to real estate held for the same length of time, may, in many cases, and especially in this case, seem unfair to taxpayers. But that is the way in which the statute has been uniformly construed by the courts.

In accordance with the foregoing, it is hereby ordered that the petition for rehearing is denied.