**Doug HILL et al., Appellants,**

**v.**

**GENERAL ELECTRIC CREDIT CORPORA-
TION et al., Appellees.**

**No. 14723.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 13, 1968.

James F. Gardner, Dibrell, Gardner & Dotson, San Antonio, for appellants.

Morriss, Boatwright, Lewis & Davis, Harry J. Burns, San Antonio, for appellees.

BARROW, Chief Justice.

This is an appeal from a take-nothing summary judgment based on Art. 5526, Vernon's Ann.Civ.St., the two-year statute of limitations. Appellee General Electric Credit Corporation, hereinafter referred to as GE, brought this suit against appellants, Doug Hill, James W. Hill, and James W. Hill, Jr., hereinafter referred to as the Hill partners, to recover a deficiency judgment following a private sale of a John Deere tractor after default by Hill partners of a conditional sales contract. Appellants filed a cross-action against GE and appellee Ford Sasser, Jr., d/b/a Sasser Equipment Company. No complaint is made on this appeal of the summary judgment granted GE on its deficiency of $5,022.84, together with attorneys' fee of $1,004.57, but appellants have perfected an appeal from the take-nothing summary judgment on their cross-action.

On July 2, 1964, appellants purchased the tractor from Sasser and executed a written conditional sales contract whereby they agreed to pay the deferred balance of $11,808.80 in 36 monthly installments. Sasser sold said sales contract and the mortgage lien securing same to GE for value and before maturity. On December 15, 1964, Hill partners defaulted on their obligation and made no further payments on this contract.

On May 13, 1965, Hill partners voluntarily surrendered said tractor to Sasser at the request of GE for foreclosure sale. On December 20, 1965, a private sale was had by auction at the courthouse steps as authorized by the terms of the conditional sales contract and resulted in the deficiency on the note. Appellant James W. Hill was notified of this sale and attended same. Appellants do not assert that this sale was unfairly made,[1] but filed a cross-action against both GE and Sasser wherein it is alleged that Sasser permitted said equipment to be used extensively between May and December, 1965, and that thereby it was depreciated. Damages were sought in the amount of $7,500 for this use based on the depreciated value of the tractor or for the reasonable rental value of said tractor. This cross-action was not filed until February 16, 1968, and the trial court granted a take-nothing summary judgment for both cross-defendants after the two-year statute of limitations was pleaded.

The controlling question on this appeal is whether appellants have asserted a cause of action, as third party beneficiaries, for breach of a written contract of June 6, 1964, between GE and Sasser so as to bring this suit within Art. 5527, Vernon's Ann.Civ.St., the four-year statute of limitations. This contract authorized GE to purchase conditional sales contracts and other debts from Sasser without recourse except for breach of warranties. Said contract contains thirteen numbered paragraphs and sets forth the respective rights and duties of GE and Sasser in the event of such a purchase. The contract is addressed to GE, signed by Sasser and accepted by GE. Appellants urge that they are third-party beneficiaries of paragraph No. 10, which provides:

"Upon your request only, and within 30 days thereafter, the undersigned will, without charge to you, reposses Equipment covered by Accounts in default, providing such Equipment is made legally

1. See Eichman v. Highland Park State Bank, 345 S.W.2d 352 (Tex.Civ.App.—Eastland 1961, writ ref'd).

available by you, and at your direction will either deliver the Equipment to you or hold it in storage, free from any storage charges. Further, the undersigned will co-operate in the sale of such repossessed Equipment at a price mutually agreed upon."

This tractor was delivered to Sasser at GE's request for storage without charge, in accordance with the contract between Sasser and GE, after the default by Hill partners. The record, when viewed under the summary judgment test,[2] raises a fact issue that the meter on said tractor indicated approximately 400 hours use when delivered to Sasser on May 13, 1965, and approximately 961 hours at the time of the public sale on December 20, 1965.

■ Assuming, without deciding, that this unauthorized use by Sasser was a breach of paragraph No. 10 of his contract with GE, the question narrows as to whether Hill partners may sue Sasser as third party beneficiaries for such breach. It is the rule of this State that a person not a party to a contract may enforce it if it appears that it was made for his benefit; however, the presumption is that parties contract only for themselves, and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears such was the intention of the parties. Knox v. Ball, 144 Tex. 402, 191 S.W.2d 17, 164 A.L.R. 1453 (1945); Citizens Nat. Bank in Abilene v. Texas & P. R. Co., 136 Tex. 333, 150 S.W.2d 1003 (1941); Banker v. Breaux, 133 Tex. 183, 128 S.W.2d 23 (1939).

■ Here the contract of June 9, 1964, was between only Sasser and GE. There is nothing in said contract pertaining to the purchasers of equipment or mortgagors under the commercial paper which GE might purchase from Sasser. It clearly was limited to setting forth the relationship between GE and Sasser. A mortgagor under a con-

ditional sales contract would be, at most, only an incidental beneficiary in the storage of repossessed equipment. It is uniformly recognized that an incidental beneficiary acquires no right against the promisor or the promisee by virtue of the promise. Farmers State Bank v. First State Bank, 317 S.W.2d 768 (Tex.Civ.App.—Waco 1958, no writ); Johnson Farm Equipment Co. v. Cook, Cir. Ct. 8th Cir., 230 F.2d 119 (1956); Restatement of the Law of Contracts § 307; Williston, Contracts, 3d Ed., § 402.

■ Therefore, appellants, as incidental beneficiaries at most, may not sue for breach of the written contract between GE and Sasser. The pleadings disclose that this cross-action was filed more than two years after the accrual of the cause of action based on the alleged conversion of the tractor by Sasser and the cross-action was barred by the two-year statute of limitations. Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22 (1939); Raney v. White, 267 S.W.2d 199 (Tex.Civ.App.—San Antonio 1954, writ ref'd); 37 Tex.Jur.2d, Limitations of Actions, § 19.

The judgment is affirmed.

2. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. Sup.1965).