JOHN B. MAY & COMPANY, INC., Appellant,

v.

ACCU–NAMICS, INC., Appellee.

No. 5479.

Court of Civil Appeals of Texas, Waco.

Oct. 16, 1975.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Anderson, Edwards & Warnick, Lubbock, for appellee.

## OPINION

JAMES, Justice.

This is a venue case under Subdivision 27 of Article 1995, Vernon's Texas Civil Statutes. It is an appeal by one of the defendants, John B. May & Co., Inc., from an order overruling its plea of privilege to be sued in Tarrant County, Texas, the county of Defendant-Appellant's asserted residence in Texas.

Suit for property damage was filed by Plaintiff-Appellee Accu-Namics, Inc., in Lubbock County, Texas, against Pickens-Bond Construction Co., and Appellant, John B. May & Co., as Defendants. Plaintiff alleged that in October of 1971 it was laying an underground sewer pipeline for the City of Lubbock along 58th Street adjacent to the South Plains Mall construction project. Plaintiff alleged that Defendant Pickens-Bond was the general contractor for the construction of the South Plains Mall, and Defendant-Appellant John B. May was engaged in laying sewer lines to serve the Dillard Building, which was a part of the Mall. Plaintiff alleged that Defendants negligently connected the lines from the South Plains Mall into the ditch in which Plaintiff was laying its sewer line and negligently diverted water into Plaintiff's ditch and line, resulting in damage to Plaintiff's ditch and line.

Defendant Pickens-Bond had not filed an answer to Plaintiff's suit at the time of the venue hearing.

Defendant-Appellant John B. May and Co., filed its plea of privilege to be sued in Tarrant County, Texas, wherein it alleged its residence and principal place of business in Texas to be located. Thereupon Plaintiff-Appellee Accu-Namics filed its controverting affidavit, alleging that venue was maintainable in Lubbock County, Texas, under Subdivisions 9a, 23 and 27 of Article 1995.

After hearing on the venue matter, the trial court overruled Defendant May's plea of privilege, from which it appeals on eleven points of error. We affirm the trial court's judgment.

Since we are of the opinion that the case must be affirmed under Subdivision 27 of Article 1995, we will discuss only those of Appellant's points of error bearing upon the appropriate portion of Subdivision 27.

Defendant-Appellant John B. May, Inc., is admittedly a foreign corporation with a license to do business in the State of Texas. The pertinent portion of Subdivision 27 reads:

"Foreign corporation— * * * may be sued in any county * * * where such company may have an agency or representative * * *."

Defendant-Appellant May asserts that Plaintiff failed to plead and prove that Defendant-Appellant May had an agent or representative in Lubbock County. We overrule these contentions.

Insofar as the Plaintiff's pleadings are concerned, without detailing same, suffice it to say that Plaintiff's controverting plea among other things alleged that Defendant May was a foreign corporation and that its agent in Lubbock County, Texas, at all pertinent times was R. E. Myers, and that Plaintiff's suit was lawfully maintainable in Lubbock County, Texas, under Subdivision 27 of Article 1995. Defendant levelled no

special exceptions to such pleadings. Such pleadings are in our opinion ample to put Defendant May on notice of Plaintiff's contentions.

With respect to Defendant May's assertion of Plaintiff's lack of proof, the record shows that Plaintiff introduced in evidence written interrogatories propounded to Defendant May and the answers in response thereto. This proof showed that Defendant May was a corporation organized under the laws of the State of Arkansas and incorporated for the purpose of mechanical contracting; that Defendant May was engaged in the South Plains Mall area in Lubbock County, Texas, at the time in question in a mechanical contract. It (May) had a subcontract with Pickens-Bond Construction Co., to furnish part of the material for the construction of a building in the South Plains Mall area; that none of the work was completed but the construction of the underground sewer system was in progress. The proof further showed R. E. Myers was Defendant May's authorized representative in the prosecution of the work conducted on Defendant's worksite at the time in question, and that his official designation was that of "General Superintendent." The interrogatories were signed, "Robert E. Myers."

Our Supreme Court in *Milligan v. Southern Express, Inc.,* (1952) 151 Tex. 315, 250 S.W.2d 194, concerned with the "agency or representative" problem within the meaning of Subdivision 23 of Article 1995 (suits against private corporations) defined "agency or representative" as follows: "_____ the statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, *or* one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.' "

Plaintiff's pleading and proof unquestionably meets the test under Subdivision 27 to maintain venue of the cause against Defendant-Appellant May in Lubbock County,

Texas. Judgment of the trial court is accordingly affirmed.

Affirmed.

HALL, Justice (concurring).

The terms "agency or representative" in subdivisions 23 and 27, of article 1995, Vernon's Tex.Civ.St., refer to situations "in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.' " *Milligan v. Southern Express,* 151 Tex. 315, 250 S.W.2d 194, 198 (1952).

The defendant is a resident of Tarrant County. The only evidence relating to the defendant's business activity at anytime in Lubbock County is testimony that it was engaged at the time in question in "mechanical contracting" as a subcontractor in the construction of a shopping mall, which included the laying of an underground sewer system for part of the mall; that the sewer line construction was in progress; and that nothing was completed. This is not evidence that the business of the defendant is conducted in Lubbock County "in more or less regular and permanent form" as required for an "agency" under the ruling in *Milligan,* ante, and it will not reasonably support an inference to that effect. If the majority holds that the defendant's general superintendent is a "representative" within the meaning of the venue statute, then I disagree. There is no evidence that the superintendent is a resident of Lubbock County, as required by *Milligan.* For these reasons, I respectfully dissent from the majority's decision that venue can be maintained in Lubbock County under the provisions of subdivision 27 of Article 1995.

However, I am convinced that the evidence (which need not be detailed) is legally and factually sufficient to support the implied findings of the trial court that the defendant connected a sewer line draining

the mall area onto another line, resulting in a subsequent flooding of the plaintiff's work site; and that in the light of all of the circumstances of record this was negligence and a proximate, foreseeable cause of damage to the plaintiff. These findings support the order holding venue in the county of suit under the provisions of both subdivisions 9a[1] and 23[2] of Article 1995. For these reasons I agree that the judgment should be affirmed.

McDONALD, Chief Justice (concurring).

I concur with Justice James that venue is maintainable in Lubbock County under Subdivision 27, Article 1995; and I concur with Justice Hall that venue is maintainable in Lubbock County under Subdivisions 9a and 23, Article 1995.

1. 9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

   1. That an act or omission of negligence occurred in the county where suit was filed.

   2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

   3. That such negligence was a proximate cause of plaintiff's injuries.

2. 23. Corporations and associations.—Suits against a private corporation . . . may be brought in the county . . . in which the cause of action or a part thereof arose . . . . .