**GOODPASTURE, INC., Appellant,**

v.

**Luther S. HOSCH, Appellee.**

**No. 17080.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 11, 1978.

Rehearing Denied July 13, 1978.

Fulbright & Jaworski, Russell H. McMains, Houston, for appellant.

Wm. E. Hornbuckle, III, Sugar Land, for appellee.

EVANS, Justice.

The sole issue in this venue matter is whether the trial court's finding of negligence based upon the doctrine of *res ipsa loquitur* has support in the evidence.

The plaintiff, Luther S. Hosch, brought this action against Goodpasture, Inc. in Harris County, Texas, alleging that he had sustained injuries as the result of an explosion of a grain storage elevator owned and operated by Goodpasture on the Houston Ship Channel. Goodpasture filed a plea of privilege seeking to have the action transferred to Terry County, the county of its residence and domicile. The plaintiff then filed a controverting plea alleging the action to be maintainable in Harris County under the provisions of subdivisions 9a and 23, Art. 1995, Tex.Rev.Civ.Stat.Ann.

The trial court denied Goodpasture's plea of privilege, finding that it had a representative in Harris County at all material times; that the plaintiff had been injured by falling concrete from the grain elevator which was under the management and control of Goodpasture at the time of the explosion; that grain dust is explosive when ignited; that the character of the explosion and the circumstances attending it lead reasonably to the belief that in the absence of negligence it would not have occurred; that an inference of negligence on the part of Goodpasture arises in this case under the doctrine of *res ipsa loquitur*; and that Goodpasture's evidence was insufficient to explain, rebut or otherwise overcome such inference. The trial court concluded from these and other findings that venue is maintainable in Harris County under subdivisions 9a and 23, Art. 1995, and that the plaintiff might rely on the doctrine of *res ipsa loquitur* to infer negligence in establishing a cause of action under those subdivisions.

In order to establish venue under either of the subdivisions relied upon by the plaintiff, a cause of action must be pleaded and proved by competent evidence presented at the venue hearing. *Texas High School Gymnastics Coaches Association v. Andrews*, 532 S.W.2d 142 (Tex.Civ.App.— San Antonio 1975, writ dismissed). It is the position of Goodpasture, asserted in eight points of error, that the plaintiff failed to meet its burden in this respect and that the evidence is legally and factually insufficient to support the trial court's finding that it had committed an act of negligence in the county of suit and that the doctrine of *res ipsa loquitur* is applicable to the occurrence in question. Goodpasture particularly argues that there was no evidence as to the cause of the explosion and no evidence to establish that the explosion was caused by an agency or instrumentality under its exclusive control.

The doctrine of *res ipsa loquitur*, as applicable in Texas, permits the trier of fact to base an inference of negligence upon circumstantial evidence of negligence where it appears that the character of the accident is such that it would not ordinarily occur in the absence of negligence and the evidence shows that the instrumentality causing the injury was under the management and control of the defendant. *Owen v. Brown*, 447 S.W.2d 883 (Tex.1969); *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.

1974). In many cases the plaintiff may rely upon general knowledge to prove that the accident was of the type which does not ordinarily happen in the absence of negligence; in others expert testimony on this factor may be necessary to the plaintiff's case. *Mobil Chemical Co. v. Bell*, supra, at page 252. The plaintiff must affirmatively establish the factor of control in order to support an inference that the defendant was the negligent party. *Owen v. Brown*, supra.

The plaintiff testified that on the day of the explosion he was employed by an export packing company and was working at a location some 300 to 400 feet from the grain storage elevator. He testified that he knew where the explosion happened, but did not know why; that there was a sudden eruption and he was then hit by falling concrete.

The only witness other than the plaintiff who testified at the venue hearing was Mr. Warren Johnson, who had been employed as a special agent of the U. S. Treasury Department at the time of the explosion, and who was employed by Goodpasture at the time of the hearing. Mr. Johnson, called as a witness by the plaintiff, testified that he was in charge of a Treasury Department team to investigate the explosion and to try to ascertain the cause. His testimony indicated that the end result of his team's investigative effort was "inconclusive" as to the cause of the explosion. He acknowledged that he had received "some reports" that the explosion vents in the elevator had caught fire prior to the explosion, but the basis for such reports was not established and his testimony in that respect has no probative value. His testimony concerning the cause of the explosion was as follows:

"Q. All right. Now let me ask you this. Isn't it true and isn't it within your knowledge that fire or spark can touch off grain dust within a grain elevator and make it blow up?

"A. Under the right conditions."

■ In response to the plaintiff's request, Goodpasture admitted that on the date in question it owned and operated a grain storage elevator on the Houston Ship Channel in Harris County and that on that date its employees were operating the grain elevator. It further admitted that on the date in question there was a fire and explosion in the grain elevator and that it knew that grain dust can explode under certain conditions. These admissions conclusively established Goodpasture's management and control of the grain storage elevator at the time of the explosion.

■ Those who deal with dangerous substances owe a degree of protection to the public proportionate to the danger involved. *Smith v. Koenning*, 398 S.W.2d 411, 416 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). In view of the testimony indicating the explosive nature of grain dust, the trial court was justified in concluding that Goodpasture had failed in its duty to exercise reasonable care in the management and control of its grain storage elevator and that its negligence was the proximate cause of the explosion.

■ The facts of this case distinguish it from those where two or more possible causes of the accident are indicated and it is not more reasonably probable that the accident occurred due to the negligence of the defendant than to any other cause. *City of Houston v. Church*, 554 S.W.2d 242 (Tex. Civ.App.—Houston, 1st, 1977, writ ref'd n. r. e.); *Trinity Universal Insurance Co. v. Cattleman's Steak House*, 470 S.W.2d 224 (Tex.Civ.App.—Amarillo 1971, no writ). Although the doctrine of *res ipsa loquitur* is inapplicable where it cannot be reasonably inferred from the evidence that the accident resulted from the defendant's negligence, the plaintiff is not required to exclude every other possible cause of the occurrence. *Burlington-Rock Island Railway Co. v. Ellison*, 140 Tex. 353, 167 S.W.2d 723 (1943); *J. Weingarten, Inc. v. Obiedio*, 515 S.W.2d 308 (Tex.Civ.App.—Houston, 1st, 1974, writ ref'd n. r. e.).

■ The evidence in the case at bar established that Goodpasture controlled the premises where the potentially explosive grain was stored, and, even though the origin of the fire or spark was not shown, the

trial court properly concluded that Goodpasture controlled the "thing or instrumentality" which caused the explosion. *Hodges Tire Co. v. Kemp*, 334 S.W.2d 627 (Tex.Civ. App.—Fort Worth 1960, no writ). Since the evidence presented by the plaintiff made out a *prima facie* case of negligence under the rule of *res ipsa loquitur*, it was incumbent on Goodpasture to introduce evidence to explain, rebut or otherwise overcome the inference that the injury complained of was due to its negligence. *Wichita Falls Traction Co. v. Elliott*, 125 Tex. 248, 81 S.W.2d 659 (1935). There being no evidence that the explosion was probably caused by some condition or instrumentality other than that within Goodpasture's management and control, the trial court was justified in deciding that the explosion was of such character as would not have occurred in the absence of Goodpasture's negligence.

The trial court's order overruling Goodpasture's plea of privilege is affirmed.