**GREENWAY PARK TOWNHOMES CONDOMINIUM ASSOCIATION, INC., Appellant,**

v.

**BROOKFIELD MUNICIPAL UTILITY DISTRICT, Appellee.**

**No. 1903.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 6, 1978.

John B. Geddie, Houston, for appellant.

Robert M. Collie, Jr., City Atty., James L. Dougherty, Jr., Asst. City Atty., Houston, for appellee.

CIRE, Justice.

Greenway Park Townhomes Condominium Association [the Association] appeals from a summary judgment rendered in favor of Brookfield Municipal Utility District [the District] on a contract executed between Brookfield and Young Homes, Inc. Appellant is claiming the right to sue on the contract as a third party beneficiary.

Appellee District was a corporate and governmental agency of the State of Texas until it was annexed by the City of Houston on March 29, 1978. On July 17, 1973, the District entered into a contract with Young Homes, Inc., a land developer, to provide water and sewer service to a tract of land being developed outside the boundaries of the Utility District. The contract provided for a rate equal to one and one-half times that charged for services within the District's boundaries. In 1974 Young Homes fell into arrears in payments owed the District, and shortly thereafter was foreclosed upon by Gibraltar Savings Association. Subsequently water service to the tract was disconnected.

Sometime after the foreclosure Gibraltar and the Utility District entered into negotiations to reestablish water service to the tract. No formal contract was executed, but service was resumed at a rate two and one-half times that paid by similar customers located within the District's boundaries.

On December 30, 1974, after service was reestablished, appellant Greenway Park Townhomes was incorporated. The members of the Association were the fee owners of the townhouses. Gibralter was the original seller of all the townhouses.

Appellant instituted this suit in February of 1977 alleging that the District was charging rates in excess of those stated in the contract with Young Homes and had breached the contract in failing to supervise construction of the sewer system. Appel-

lant claimed to be a third party beneficiary of the contract between Young Homes and the Utility District. The language in the contract upon which appellant relied for this claim was as follows:

> To further such development, the Corporation [Young Homes] desires to obtain a secure and continuous supply of potable water *for the future water users* in the Tract and is further desirous of providing for the continuous treatment of domestic waste collected from the Tract. (Emphasis supplied).

The contract further provided:

> District [Defendant] has determined that it has sufficient capacity in its treatment facilities and sufficient surplus water produced by its waterworks system *to serve the future users* in the Tract as is hereinafter provided. (Emphasis supplied).

The trial court found no material issues of fact and rendered a summary judgment for the Utility District.

■ We hold that appellant as a matter of law is not a third party beneficiary of the original contract between Young Homes and the Water District and therefore affirm the judgment of the trial court.

■ Parties are presumed to contract for their own benefit, and it is not to be assumed that they intended to benefit a third party unless this intent is clearly apparent. Any doubt should be resolved against such intent. *Republic National Bank of Dallas v. National Bankers Life Insurance Co.*, 427 S.W.2d 76 (Tex.Civ.App. —Dallas 1968, writ ref'd n. r. e.).

The contract contained the following language:

> [T]he Corporation [Young Homes] may assign this contract to a Homeowners' Improvement Association upon receiving the District's written consent and after such assignment, the Corporation shall no longer be responsible for the payment of bills due for services provided by the District.

By this clause the parties anticipated that a home owners association might in the future come into existence and acquire Young's rights and duties under the contract. They provided that the benefits under the contract could be extended to such an association by means of an express assignment. This assignment provision is inconsistent with the contention that the parties intended the Association to be a third party beneficiary, and would be rendered meaningless by such a construction. It is assumed that the parties to a contract intend every clause therein to be effective. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.Sup. 1968).

■ Further, there is evidence that the original contract between the District and Young Homes was rescinded by tacit mutual agreement of the parties prior to the time appellant Association came into existence. Rescission of a contract need not be by formal agreement, but may be implied from the course of conduct of the parties indicating an understanding that the contract is terminated. *Marsh v. Orville Carr Associates*, 433 S.W.2d 928, 931 (Tex.Civ. App.—San Antonio 1968, writ ref'd n. r. e.). Here, Young Homes defaulted in three months' payments and was foreclosed upon. The District ceased providing service to the tract and subsequently entered into a new arrangement with Gibraltar. This indicated a mutual understanding that the original contract was terminated. Further, this occurred prior to the time the Association came into existence. As a result appellant could not have accepted or relied upon the contract before it was terminated by mutual rescission of the contracting parties, and cannot enforce it now. *Breaux v. Banker*, 107 S.W.2d 382 (Tex.Civ.App.—Beaumont 1937, reversed on other grounds, 133 Tex. 183, 128 S.W.2d 23 (1939)).

Since appellant was not entitled as a third party beneficiary to sue on the contract between the District and Young Homes there was no error in granting summary judgment.

Affirmed.