**STRAIN BROS., INC., Appellant,**

v.

**L. Moody BENNETT et ux., Appellees.**

**No. 6117.**

Court of Civil Appeals of Texas, El Paso.

June 17, 1970.

Hardie, Grambling, Sims & Galatzan, Harold L. Sims, El Paso, for appellant.

Holvey Williams, Julian V. Horwitz, El Paso, for appellees.

OPINION

PRESLAR, Justice.

This is an appeal from a judgment overruling the plea of privilege of Strain Bros., Inc. to be sued in the county of its residence, Tom Green County, Texas. As an appeal from an interlocutory order, it has been advanced for consideration on the docket of this court. We are of the opinion that the judgment of the trial court should be affirmed under subdivision 9a of Article 1995, Vernon's Ann.Tex.Civ.St.

Appellees L. Moody Bennett and wife, Martha Bennett, brought this suit against Strain Bros., Inc., and J. Abrams, Inc. for personal injuries and property damage arising from a one-car automobile accident. It was alleged that at the time of the accident, each of the defendants was engaged in making repairs to Interstate 10

Highway under contract with the Highway Department of the State of Texas; that Strain Bros., Inc. was engaged in paving or resurfacing such highway, and J. Abrams, Inc. was installing guardrails thereon, and that each was negligent in that each created certain dangerous conditions and both were negligent in not placing any warning sign, reflecting device, or burning lamp to indicate such danger. It was further alleged that the two defendants were jointly and severally guilty of negligence by their acts and omissions. Defendant Abrams filed an answer, and defendant Strain Bros., Inc., filed its plea of privilege which resulted in the judgment here appealed from.

Appellees sought to maintain venue in El Paso County, where the accident admittedly occurred, under subdivisions 4, 9a, 23, and 29a of Article 1995. We must sustain the order overruling the plea of privilege if it is sustainable under any one of such exceptions to the general rule. In their brief in this court, appellees announced they were no longer relying on subdivision 29a. Appellant asserts there is no evidence, or insufficient evidence, to support the implied findings of the court necessary to sustain the judgment under the remaining cited subdivisions.

As indicated, we are of the opinion that the evidence is sufficient to sustain the judgment under subdivision 9a of the venue statute. If we are correct in that evaluation of the evidence, there is no necessity to discuss or pass on the other subdivisions relied upon by appellees.

The burden was on plaintiff-appellees to both plead and prove negligence by the defendant Strain Bros., Inc. in the county of suit, causing the alleged damages, and such burden in the trial court was proof by a preponderance of the evidence. The filing of findings of fact and conclusions of law by the trial court is discretionary in venue trials, and none were filed in this case. In the absence of such findings, it is presumed that the trial court found such facts as are necessary to support its judgment, and the judgment should not be disturbed on appeal if the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment. In Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, the Supreme Court restated the rule for testing the probative force of the evidence by quoting from Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150: "* * * 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff'—then it is to be concluded that there is evidence to support the verdict." In the case before us, it is not disputed that the accident occurred in the county of suit, and that damages resulted. The evidence as to negligence and causation is weak, but we are of the opinion that, viewed under the above rules, it constitutes evidence of probative force to support the trial court's implied findings as to the venue facts of negligence and proximate cause.

The judgment of the trial court is affirmed.