**M SYSTEMS FOOD STORES, INC.,**
**Appellant,**

**v.**

**Pauline WEBSTER, a widow, Appellee.**

**No. 6387.**

Court of Civil Appeals of Texas,
El Paso.

June 5, 1974.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Inc., Lucius D. Bunton, Odessa, for appellant.

W. R. Barnes, Odessa, for appellee.

## OPINION

WARD, Justice.

This is a venue case. Pauline Webster sued M Systems Food Stores, Inc. for damages resulting from tripping and falling over a display case of plates in the defendant's store in Ward County. The defendant filed its plea of privilege to be sued in Tom Green County and plaintiff controverted under Subdivision 9a of Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann. The trial Court without a jury overruled the plea of privilege, and we affirm.

The evidence was from two depositions, one by the plaintiff and the other by the defendant's store manager. This testimony is that one morning when the plaintiff was going to work, she entered the defendant's store to purchase something for lunch. She picked up several items and carried them to the checkout counter where they were placed in a sack by one of the clerks. The plaintiff took her sack of groceries in her left arm, her purse in her right arm, and started to walk around the end of the corner of the checkout counter to go to her automobile. As she started around the end of the counter her left foot tripped over a cardboard box of plates that was on the floor at the end of the counter. She fell and was injured to the extent she had to be hospitalized. The display box of china dishes had been placed at the end of the checkout counter by the store manager. It was flush against the end of the checkstand and it did not protrude into the aisle in front of the counter. The box was some eighteen inches tall and two and one-half feet wide and protruded away from the end of the checkstand about fourteen inches. The checkstand itself was about three feet tall so that the box of dishes was lower than the top level of the checkstand. The plaintiff did not see the cardboard box when she entered the store and did not see it as she was leaving the store before her fall. The checkout counter and the sack of groceries she was carrying in her left arm obstructed her view of the box sitting on the floor. No warning was given to her of the presence of the box.

To sustain venue in Ward County it was necessary for the plaintiff to es-

tablish by a preponderance of the evidence that an act or omission of negligence of the defendant occurred in that County which was a proximate cause of the plaintiff's injuries. Because this is an action by an invitee against the occupier of the premises, the invitee, Mrs. Webster, had first to prove the existence of a legal duty owed to her by the defendant before the violation of that duty could be reached. "That includes her burden to prove that she did not possess actual knowledge of the danger, that she did not fully appreciate the nature and extent of the danger, and that the danger complained of was not so open and obvious as to charge her, as a matter of law, with such knowledge and appreciation." Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 at p. 455 (Tex. Sup.1972). However, as now "simplified" by the Adam Dante opinion, the plaintiff-invitee is only required to make prima facie proof that she did not know of and did not appreciate a dangerous condition, and that she was not charged in law with knowledge and appreciation of the danger. Having done this she is then required to produce her evidence to obtain findings that: 1. The defendant-occupier created or maintained the dangerous condition on its premises; 2. That the defendant knew or should have known of the condition; 3. That the defendant was negligent in some particular respect; and 4. That the negligence was the proximate cause of the plaintiff's injury.

■ Findings of fact and conclusions of law not being requested or found, all fact issues will be resolved in favor of the trial Court ruling if there is any probative evidence supporting them, and in determining if there is any probative evidence to support the judgment and the implied findings of fact it is proper to consider only that evidence most favorable to the plaintiff and to indulge every legitimate conclusion favorable to the plaintiff which might be drawn from the facts proved. Strain Bros., Inc. v. Bennett, 456 S.W.2d 466 (Tex.Civ.App.—El Paso 1970, no writ).

Appellant's points are that there was no evidence or insufficient evidence to support the implied findings of the trial Court that the defendant owed the plaintiff a duty or that the defendant created a condition that involved an unreasonable risk of harm or that the defendant realized the danger of any such condition or that the defendant was negligent in any manner.

■ As to the existence or not of proof that the defendant-occupier owed a legal duty to the invitee, and following the directions contained in Adam Dante Corporation v. Sharpe, supra, we have the testimony that Mrs. Webster never saw the box of dishes, that the box was hidden from her view behind the counter as she approached the end of the counter, and that it remained hidden as she went around the end of the counter because she had the bag of groceries in her left arm. We hold that this is sufficient for the "prima facie proof that she did not know of and did not appreciate a dangerous condition." Also, these facts are such that she is not charged in law with knowledge and appreciation of the danger. The box was hidden from her at all times. The situation is similar to the shoes on the floor hidden around a corner of an aisle in Rackley v. Model Markets, Inc., 417 S.W.2d 89 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.), and to the tray stand hidden behind the booth in El Rancho Restaurants, Inc. v. Garfield, 440 S.W.2d 873 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). Knowledge and appreciation of the danger by the invitee are not found as a matter of law.

■ Since the manager testified that he placed the display of dishes on the floor, we next consider the question as to whether or not it was a condition that involved an unreasonable risk of harm, which danger the owner should have appreciated. Here, we may consider all of the facts previously discussed as well as certain reasonable inferences. All of the customers of the store were funneled to the checkout stand. It was reasonable to expect that

customers would be occupied with grocery bags as they left the counter. Having already paid for their purchases, customers would not then expect to find display boxes advertising merchandise in an exit location. We hold that the fact finder could conclude that a reasonably prudent occupier after making a reasonable inspection could have foreseen that a danger of a fall caused by the hidden box was present. Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752 at p. 754 (Tex.Sup.1970); Restatement (Second) of Torts § 343(a) (1965).

Finally, we are of the opinion that fact issues were presented regarding the negligence of the defendant in failing to maintain the premises in a reasonably safe condition and in failing to warn the plaintiff as those issues were presented in the pleadings of the plaintiff. Negligence issues are essentially questions for the fact finder.

We therefore conclude that the evidence is both legally and factually sufficient to support all questioned findings of the trial Court. The judgment is affirmed.