**WHITE STORES, INC., Appellant,**

v.

**Merley CARMOUCHE, Appellee.**

**No. 17356.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 19, 1979.

Fulbright & Jaworski, Ronald G. Bankston, Houston, for appellant.

Gerald J. Goodwin, Houston, for appellee.

WALLACE, Justice.

This is an appeal from the trial court's order overruling appellant's plea of privilege.

Appellant is a private corporation whose home office is in Wichita County, Texas. Appellee is a resident of Harris County, Texas. In her controverting affidavit to appellant's plea of privilege, appellee alleged that venue was proper in Harris County under Article 1995 §§ 9a, 23, V.A.T.S.

Appellee testified at the plea of privilege hearing that while shopping in appellant's store in Houston, Harris County, Texas, she sat in a patio swing which was on display adjacent to an aisle and accessible to customers. As she sat down the swing fell, injuring her. The swing did not look dangerous and was not attached to the floor.

Bobby Odom, appellant's store manager, testified that he was in charge of the store in question. His duties included handling inventory and money and supervising the store employees. He further testified that he was responsible for setting up and displaying merchandise, including the swing in question. No testimony was elicited from Mr. Odom as to the condition of the swing in question, although he testified that he saw the swing after the accident.

Appellant's points of error numbers one and two allege "no evidence" and "insufficient evidence" to establish venue under Article 1995 § 9a, V.A.T.S. Subdivision 9a provides:

A suit based upon negligence . . . may be brought in the county where the act or omission of negligence occurred [and] in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the tortfeasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator, or guardian.

3. That such negligence was a proximate cause of plaintiff's injuries.

■ Appellee contends that the trial court could have applied the doctrine of *res ipsa loquitur* to find a *prima facie* case of negligence against appellant. Her original petition alleged specific acts of negligence as well as "other acts of negligence." This was sufficient to give appellant notice that she might rely on *res ipsa loquitur. Mobile Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.1974).

■ The doctrine of *res ipsa* may be applied if the circumstances surrounding the event are such that the mere occurrence of the accident supports reasonable inferences that there was negligence involved and that the defendant was the negligent party. *Mobile,* supra.

■ The appellee must prove (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the appellant. *Owen v. Brown,* 447 S.W.2d 883 (Tex.1969).

■ The general rule is that venue facts cannot be established by inference or implication. *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610 (Tex.1948). However, that rule is limited where the doctrine of *res ipsa loquitur* is invoked. By its very nature *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence. *Mobile, supra.* When such facts are presented,

"they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it . . . " *Id.*

Appellee has presented facts of the occurrence which warrant the inference of negligence. A patio swing does not ordinarily collapse in the absence of negligence.

 The testimony from appellant's store manager, Bobby Odom, establishes that the swing was under the control and management of appellant. This control existed both at the time the swing was assembled and also at the time of the injury.

[T]he "control" requirement is not a rigid rule that the instrumentality must have always been in the defendant's possession or even that it must have been in the defendant's control at the time of the injury. *Honea v. Coca Cola Bottling Co.,* 143 Tex. 272, 183 S.W.2d 968 (1944). It is sufficient if the defendant was in control at the time of the negligence inferable from the first factor probably occurred, so that the reasonable probabilities point to the defendant and support a reasonable inference that he was a negligent party." *Mobile Chemical Company v. Bell, supra,* 517 S.W.2d at p. 251.

It is established in the record that appellant had control and management of the swing in question when it was assembled and that defendant put the swing on display in its store. Appellee testified that she did not sit on the edge of the swing or "plop" into it. There was no evidence introduced by appellant and none is in the record that would indicate any interference with the swing by third parties or any misuse of the swing by appellee. The reasonable probabilities point to the appellant and support a reasonable inference that it was the negligent party.

 Since the evidence presented by the appellee made out a prima facie case of negligence under the doctrine of *res ipsa loquitur,* it was incumbent on appellant to introduce evidence to explain, rebut or otherwise overcome the inference that the injury complained of was due to its negligence. *Goodpasture Inc. v. Hosch,* 568 S.W.2d 662 (Tex.Civ.App.—Houston [1st District] 1978, writ dism'd). No findings of fact or conclusions of law having been filed by the trial court, this court must resolve all fact issues in favor of the trial court's ruling if there is any probative evidence supporting them. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (Tex.1953); *M Systems Food Stores, Inc. v. Webster,* 511 S.W.2d 427 (Tex.Civ.App.—El Paso 1974, no writ).

 There being no evidence presented that the collapse of the patio swing was probably caused by some condition or instrumentality other than that within appellant's management and control, and since there was probative evidence to support the trial court's ruling, the order of the trial court is affirmed.

EVANS and WARREN, JJ., sitting.