Bobbie L. CAMPION, et ux., Appellants,

v.

HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION, Appellee.

No. 1955cv.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Rehearing Denied Oct. 21, 1982.

Roger M. Dreyer, Perkins, Dreyer & Rather, Gonzales, for appellants.

G. Thomas Coghlan, Lang, Cross, Ladon, Boldrick & Green, San Antonio, Gus J. Strauss, Jr., Gaus & Strauss, Yoakum, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Bobby L. Campion and his wife, Gladys, filed suit against Hochheim Prairie Farm Mutual Insurance Association to recover under two insurance policies for hail damage to two poultry houses. The Campions were awarded $4,000.00, with pre-judgment interest from October 5, 1979. They contend on appeal that the amount should be $7,700.00 (as found by the jury), with interest from November 21, 1977, instead of from October 5, 1979.

This case has been tried twice. During the first trial, the trial court excluded evidence that the roofs on the poultry houses were replaced, without charge, by the builder who had guaranteed the roofs against perforation by hail. This Court, holding that the excluded evidence should have been admitted, reversed the first judgment and ordered a new trial. *Hochheim Prairie Farm Mutual Insurance Association v. Campion*, 581 S.W.2d 254, 257 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

During the second trial, Mr. Campion admitted that the roofs were replaced at no monetary cost to him and that he was satisfied with the new roofs. He told the jury, however, that before the builder would honor the guarantee on the roofs and replace them, he was required to "give up" certain claims against the builder totaling $4,300.00. These claims, which arose *prior* to the hailstorm, were for lost profits, clean-up expenses, and other personal damages. Hochheim vigorously objected to this testimony.

The trial judge submitted five special issues to the jury. In their answers to the first two issues, the jury found that the damage to the poultry houses, exclusive of the roofs, totaled $4,000.00. Special issues four and five, and the jury's answers thereto, are as follows:

### SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that the new roof [sic] were put on the two poultry houses in question without cost to the Plaintiffs?

Answer "It was put on without cost to the Plaintiffs,"

or

"It was not put on without cost to the Plaintiffs."

Answer: It was not put on without cost to the Plaintiffs.

You are instructed that in answering the above Special Issue, that you may include payment of money, if any, and/or the surrender of any right or claim having value.

If you have answered Special Issue No. 4 "It was not put on without cost to the Plaintiffs," and only in such event, then answer the following Special Issue; otherwise, do not answer the following Special Issue:

### SPECIAL ISSUE NO. 5

What sum of money do you find from a preponderance of the evidence would fairly and reasonably compensate the Plaintiffs for the cost of placing the new roof [sic] on the two poultry houses after the hail storm?

Answer in dollars and cents, if any.

Answer: $3,700.

The trial court disregarded the jury's answers to special issues four and five and rendered judgment for the Campions in the amount of $4,000.00. The Campions contend on appeal that the trial court erred in entering judgment contrary to the jury's findings.

■ A trial judge may disregard the jury's answers to special issues if they are immaterial, or if they have no support in the evidence. *Eubanks v. Winn*, 420 S.W.2d

698, 701 (Tex.1967); *Texas Paper Stock Co. v. Corpus Christi Food City, Inc.,* 609 S.W.2d 259, 261 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ The Campions were entitled to recover from Hochheim the decrease in the market value of the poultry houses or the cost of repairing the hail damage, whichever was less. *See Imperial Insurance Co. v. National Homes Acceptance Corp.,* 626 S.W.2d 327, 329–330 (Tex.App.—Tyler 1981, no writ); *Calhoun v. United States Fire Insurance Co.,* 489 S.W.2d 359, 361 (Tex.Civ. App.—Amarillo 1972, writ ref'd n.r.e.). However, none of the claims Campion said he "gave up" can be considered a valid cost of repair resulting from the hail damage to the roofs. Rather, the claims resulted from the builder's conduct *prior* to the hailstorm. Such claims were not covered by Hochheim's policies. Accordingly, we hold that the trial court was correct in disregarding the jury's answers to special issues four and five.

The judgment awarded the Campions pre-judgment interest from October 5, 1979. The Campions contend that this interest should have been awarded from November 21, 1977, which is the date Hochheim filed its amended answer denying liability under the policy.

■ Where an insurer denies liability under a policy which does not specify a date for payment, and thereafter its liability is established, the insured is entitled to pre-judgment interest from the date the insurer denied liability. *Miles v. Royal Indemnity Co.,* 589 S.W.2d 725, 736 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.). Accordingly, we modify the judgment to award the Campions pre-judgment interest from November 21, 1977. *See New York Underwriters Insurance Co. v. Coffman,* 540 S.W.2d 445, 459 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.)

■ The appellee raises a cross-point, but has failed to cite any authority in support of its contention. Points of error not supported by arguments *and* authorities are waived. *Hatch v. Davis,* 621 S.W.2d 443,

447 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Schero v. Astra Bar, Inc.,* 596 S.W.2d 613, 614 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Crucher-Rolfs-Cummings, Inc. v. Ballard,* 540 S.W.2d 380, 389 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.), *cert. denied,* 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977); Rules 418, 420, T.R.C.P. We, therefore, do not consider the cross-point. Costs of the appeal are assessed ⅓ to the appellees and ⅔ against the appellants.

The judgment as modified is affirmed.