Raymond **DOERFLER**, Individually and d/b/a Ray's Plumbing, Appellant,

v.

**ESPENSEN COMPANY**, Appellee.

No. 13–82–370CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 3, 1983.

Joseph R. Preston, Mission, for appellant.

Mark Freeland, McAllen, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a judgment in favor of the appellee against the appellant in a suit for violation of the Deceptive Trade Practices Act. TEX.BUS. & COM. CODE ANN. § 17.41 et seq. (Vernon Supp 1983) (hereinafter D.T.P.A.). The issues in this case are: (1) the admissibility of certain testimony regarding settlement offers, (2) the award of attorney's fees by the court in a D.T.P.A. suit when the jury has failed to find reasonable of attorney's fees, and (3) the award of treble damages in a D.T.P.A. The D.T.P.A. cause of action in this case arose at such a time so that the suit is governed by the 1977 version of the act.

The sufficiency of the evidence to sustain the jury verdict as to a violation of the D.T.P.A. is not questioned therefore no restatement of the facts is necessary.

■ In his first point of error, the appellant asserts that the trial court erred by not permitting him to introduce certain evidence of settlement offers. The appellant urged the admissibility of such testimony for the purpose of showing lack of willfullness, intent and knowledge. The trial court sustained the appellee's objection to the admission of such testimony. However, in his brief on appeal, the appellant urges that the testimony should have been admitted to show that it was not necessary for appellee to incur attorney's fees which, in turn, would support the jury's failure to find reasonable attorney's fees for appellee. The appellant had sought to show that he had offered the appellee twice the amount of actual damages and court costs, but no attorney's fees, to settle. Even though such testimony may have been admissible to support the appellant's argument that it was not necessary for appellee to recover any attorney's fees, this basis for the admission of such testimony was not urged at trial. As will be discussed later in this opinion, a showing of willfulness, intent and knowledge was not required to establish D.T.P.A. liability in the instant case. Where testimony is offered for the stated

purpose for which it is inadmissible and the court excludes such testimony on a proper objection, there is no error in the court's action even though it might have been admitted for another purpose. *Chaffe v. Murray,* 492 S.W.2d 680 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Appellant's first point of error is overruled.

In his second point of error, the appellant complains that the trial court erred by awarding the appellee attorney's fees.

The evidence presented includes uncontroverted testimony that, prior to the trial of this matter, the appellee had paid an attorney approximately $500.00 in attorney's fees for services rendered in making the demand on the appellant, preparing and filing the appellee's lawsuit, and taking a deposition; that the appellee, prior to trial, terminated the first attorney's employment and hired the attorney who handled this cause at trial; that the appellee agreed to pay the second lawyer a reasonable fee for his services; that the appellee's attorney of record had spent twenty hours trying and preparing this cause before a jury; that a reasonable attorney's fee would be $70.00 an hour (i.e. for a total of $1400.00); and that the reasonable attorney's fees should this cause be appealed to the Court of Appeals would be $3000.00 and should a writ of error be made to the Texas Supreme Court there would be an additional $1500.00 and should the Supreme Court agree to hear the cause there would be an additional $1500.00.

■ TEX.BUS. & COM.CODE ANN. Section 17.50(d) (Vernon 1977) provides that, "each consumer who prevails *shall* be awarded court costs and reasonable and necessary attorney's fees" (emphasis added). The provision is mandatory. Thus, the only question for the jury was the reasonable value of the attorney's fees and not whether the attorney's fees should be awarded. See *Elizabeth-Perkins, Inc. v. Morgan Express, Inc.,* 554 S.W.2d 216 (Tex. Civ.App.—Dallas 1977, no writ).

■ In answering Special Issue No. 15, the jury found that the reasonable amount of attorney's fees was "0", but the court, based upon appellee's motion to set aside the jury's finding in its judgment, awarded the sum of $250.00 as reasonable attorney's fees to the appellee. The trial court, upon proper motion, may disregard the jury's answers to special issues that are immaterial or have no support in the evidence and enter judgment on the remaining issues. *Campion v. Hochheim Prarie Farm Mutual Insurance Association,* 644 S.W.2d 795 (Tex. Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.). However, once the finding was set aside, it was error for the trial judge to act as a substitute fact finder in finding $250.00 in reasonable attorney's fees. *Highlands Insurance Co. v. Baugh,* 605 S.W.2d 314 (Tex.Civ.App.—Eastland 1980, no writ); *Drexel v. McCutcheon,* 604 S.W.2d 430 (Tex. Civ.App.—Waco 1980, no writ); *Brownsville and Matamoras Bridge Co. v. Null,* 578 S.W.2d 774 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ The appellee in his only counter point, asserts that, although the trial court was correct in disregarding the jury's answer regarding attorney's fees and was correct in entering an affirmative judgment for attorney's fees, it nonetheless erred in failing to award the full amount of attorney's fees for the preparation and trial portion of the case as testified by an uncontroverted expert witness. Even if the trial judge could properly enter an affirmative judgment for attorney's fees in this case, the reasonable amount of attorney's fees cannot be established as a matter of law because the opinion testimony of an attorney as to the reasonable amount of attorney's fees is not conclusive. *Trevino v. American National Insurance Co.,* 140 Tex. 500, 168 S.W.2d 656 (1943). Such evidence, if uncontroverted, only authorizes the jury to find the amount of attorney's fees up to the maximum amount proved prima facie by the uncontradicted evidence. *Johnston v. Houston General Insurance Group,* 636 S.W.2d 278 (Tex.Civ.App.—Fort Worth 1982, no writ). Since the proper fact finder would not be bound by the uncontroverted opinion testimony of an attorney as to the reasonable amount of attorney's fees and since the trial judge should not have made the determination of the amount of reason-

**932**

able attorney's fees as substitute fact finder, it would have been error for the trial judge to award the full amount of attorney's fees for the preparation and trial portion of the case. Therefore, the appellee's counter point number one is overruled.

Appellant in his second and third points of error contends that the jury findings do not entitle the appellee to either treble damages or attorney's fees under the D.T.P.A. He bases his contentions on the jury finding that the appellant did not know that the representations were false or that the appellant had any intent to deceive appellee in the representation. In Special Issue No. 1, the jury found that the defendant had represented that the work had been performed when, in fact, the work had not been performed, an act proscribed under the D.T.P.A. in TEX.BUS. & COM.CODE ANN. Section 17.46(b)(21) (Vernon 1977). The act proscribed by Section 17.46(b)(21) does not require willfulness or knowledge or intent to deceive. *Pennington v. Singleton,* 606 S.W.2d 682 (Tex.1980); *Rotello v. Ring Around Products, Inc.,* 614 S.W.2d 455 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Since the appellant was found to have committed the unlawful deceptive trade practice proscribed in Section 17.46(b)(21), the appellee was entitled to mandatory treble damages and reasonable attorney's fees and court costs under the 1977 version of the Act. *Tate v. Wiggins,* 583 S.W.2d 640 (Tex.Civ.App.—Waco 1979, no writ); *Valley Datsun v. Martinez,* 578 S.W.2d 485 (Tex.Civ.App.—Corpus Christi 1979, no writ). Appellant's second and third points of error are overruled.

The trial judge erred in entering judgment for attorney's fees in favor of the appellee. That part of the judgment awarding attorney's fees is hereby severed from the remainder of the judgment and is REVERSED AND REMANDED for a determination of the reasonable amount of attorney's fees to be awarded. The remainder of the judgment is AFFIRMED.