The MAIL BOX, INC., Appellant,

v.

The COMMUNICATORS, INC., Appellee.

No. 13–85–058–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1985.

Rehearing Denied Jan. 9, 1986.

**784**

Mark D. Pierce, Kenzy D. Hallmark, Jr., Dallas, for appellant.

Stewart R. Miller, Dallas, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant brought suit based on three theories of recovery: (1) unlawful, deceptive trade practices under TEXAS BUS. & COM. CODE ANN. § 17.50 (Vernon Supp. 1985); (2) breach of the implied warranty of merchantability; and (3) rescission of the contract due to nonconformities substantially impairing the value of the goods. Appellee brought a counterclaim for an indebtedness by appellant in the purchase of goods and services. Appellee, defendant below, moved that the Court disregard Findings 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 15, 16 and 17. The trial court granted defendant's motion to disregard findings of special issues and rendered judgment upon the verdict in favor of the defendant. Appellant brings five points of error, and appellee raises three cross-points of error. We reverse and render judgment for the appellant.

Special Issues 1, 2 and 3 are in regard to unlawful, deceptive trade practices. Special Issues 15 and 16 inquire into damages and attorney's fees, respectively. The remaining special issues disregarded by the trial court involve claims based on breach of the implied warranty of merchantability and rescission of the contract due to nonconformities. The basis for this suit is a telephone system appellant purchased from appellee. Appellant was in need of a multiline system with paging and intercom features. However, the system developed numerous malfunctions and did not perform as appellee represented.

■ Appellant, through Points of Error 1 and 4, complains that the trial court erred in disregarding the jury's answers to Special Issues 1, 2, 3 and 15 as such findings were material and supported by the evidence. Special issue findings may be disregarded which are immaterial or have no support in the evidence. *Eubanks v. Winn,* 420 S.W.2d 698, 701 (Tex.1967);

*Doerfler v. Espensen Co.*, 659 S.W.2d 929, 931 (Tex.App.—Corpus Christi 1983, no writ); *Campion v. Hochheim Prairie Farm Mutual Insurance Association*, 644 S.W.2d 795, 796 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

Appellant purchased the telephone system at issue from appellee in January of 1981. The total purchase price for the system as completed was $22,832.25. The jury, in response to Special Issue No. 1, found that appellee made the following representation to appellant in a sales proposal: "As a matter of interest this type and size of system should require virtually no maintenance due to its simplicity. We average less than two calls per year for all the systems in Dallas."

Under the Deceptive Trade Practices Act (DTPA), Section 17.46 allows a consumer to maintain an action when false, misleading, or deceptive acts or practices occur in the conduct of trade or commerce. A false, misleading or deceptive act, as defined in Section 17.46(b)(5), includes "representing that goods or services have sponsorship, characteristics, ingredients, uses, benefits or quantities that they do not have...." The jury affirmatively answered Special Issue No. 2 which asked:

Do you find from a preponderance of the evidence that prior to the sale of the telephone communication equipment, Defendant, The Communicators, Inc., made a representation to plaintiff, The Mail Box, Inc., that the equipment had characteristics, uses or benefits which it did not have?

The first two special issue findings are supported by evidence and are material to recovery under Section 17.46 of the DTPA. Appellee made the representation in a written sales proposal which was introduced into evidence. Appellant introduced 94 service orders, covering a two-and-one-half year period, into evidence. Excluded from these service orders was a two-week mal-

function of the phone system due to improper installation by the appellee.

Appellee, in Cross-point of Error 1, argues that there is insufficient evidence to support the jury's findings to Special Issues 3, 5, 9 and 15.

In answering Special Issue No. 15, the jury found damages for appellant in the sum of $15,000.00. Appellant purchased the system from appellee for $22,-832.25. When this system became inoperable due to the continuing malfunctions, appellant purchased a new system from Continental Telephone of Texas for $19,888.50. Section 17.50 of the DTPA permits appellant a recovery of the consideration paid as actual damages. *Woo v. Great Southwestern Acceptance Corp.*, 565 S.W.2d 290, 298 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). The "actual damages" suffered under Section 17.50(b)(1) are the total loss sustained by the consumer less any allowable set-off.[1] *Smith v. Baldwin*, 611 S.W.2d 611 (Tex.1980). We find there is sufficient evidence to support the jury finding in Special Issue 15 as to reasonable damages. Appellee's Cross-point of Error 1 with regard to Special Issue 15 is overruled.

Section 17.50 provides that a consumer may recover actual damages if the Section 17.46 act is a producing cause of the damages. In response to Special Issue No. 3, the jury found that the representation was a *proximate cause* of the damage suffered by appellant. Since the causation issue was for proximate cause instead of producing cause, appellee, by Cross-point of Error 2, argues that the judgment should be entered for the defendant because the plaintiff failed to submit and obtain the requisite causation finding from the jury. Any complaint as to an issue on account of any defect, omission or fault in pleading shall be deemed waived unless specifically included in the objections. TEX.R.CIV.P. 274; *see Allen v. American National Insurance Co.*, 380 S.W.2d 604, 609 (Tex.1964); *Nelson Cash Register, Inc.*

---

1. Examples of set-offs are reasonable rental value, benefits received and profits. *See Smith,*

611 S.W.2d at 617; and *Woo,* 565 S.W.2d at 298.

*v. Data Terminal Systems, Inc.*, 671 S.W.2d 594, 599 (Tex.App.—San Antonio 1984, no writ). Appellee failed to object to this issue as defective with regard to the proper causation issue. We overrule appellee's second cross-point of error.

Keith Murphy, president of appellant corporation, testified that appellant is dependent upon the telephone for business and that appellee's representation of "virtually no maintenance" was a prime consideration in the purchase of the system. Normally, appellant averages 1.3 telephone sales per day. A telephone sale is worth approximately $10,000.00 in revenue, or $600.00 net profit to appellant. There is sufficient evidence to support the jury's finding to Special Issue No. 3 that the appellee's misrepresentation was a proximate cause of appellant's damages.[2] Therefore, we overrule that portion of appellee's Cross-point of Error 1 that asserts there is insufficient evidence to support Special Issue No. 3.

The evidence supports recovery, based on Sections 17.46 and 17.50 of the DTPA as set out in Special Issues 1, 2, 3 and 15. Therefore, we sustain appellant's first and fourth points of error.

Appellee, by Cross-point of Error 3, argues that the jury's findings to Special Issues 4, 5, 8, 9, 10 and 11 conflict with the jury's finding in Special Issue 13.

This Court has held, citing *Little Rock Furniture Manufacturing Co. v. Dunn*, 222 S.W.2d 985 (Tex.1949), that in determining whether the jury's findings to special issues creates a fatal and irreconcilable conflict:

> The test in such a case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.

*Marshbank v. Austin Bridge Co.*, 669 S.W.2d 129, 134–135 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Appellee alleges Special Issues 4, 5, 8, 9, 10 and 11 conflict with 13 as to whether appellee breached its warranty of merchantability. No matter how the jury findings with regard to the implied warranty of merchantability are construed, judgment should not be entered in favor of the appellee due to appellant's right to recover under Section 17.50 of the DTPA. We overrule appellee's third cross-point of error.

Appellant, by Point of Error 5, complains that the trial court erred in disregarding Special Issue No. 16 which awarded $3,000.00 in attorney's fees to appellant.

Section 17.50(d) of the DTPA provides, "Each consumer who prevails shall be awarded court costs and reasonable and necessary attorney's fees." Robert Vockrodt, attorney for appellee, testified with regard to his attorney's fees. We find there is evidence to support Special Issue No. 16.

Having addressed the controlling issues in the case, we decline to discuss appellant's remaining points of error and that portion of appellee's Cross-point of Error 1 which involves Special Issues 5 and 9. TEX.R.CIV.P. 451.

The judgment of the trial court is reversed and rendered that appellant recover $15,000.00 in damages plus two times that portion of the actual damages that does not exceed $1,000.00 as mandated by § 17.50(b)(1), together with attorney's fees of $3,000.00. Costs of this appeal are adjudged against appellee.

---

2. Since proximate cause is a more onerous standard than producing cause, we find the issue submitted in the case at bar was sufficient to present the issue of producing cause. *See Riojas v. Lone Star Gas Co.*, 637 S.W.2d 956, 959 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).