

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00165-CV

———————————————

$60,427.11 U.S. CURRENCY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 166,034-B

Before Kerr, Pittman, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Reza Vafaiyan appeals the trial court's judgment wherein the trial court denied the State's request for forfeiture of $60,427.11 in United States currency but ordered that two unpaid judgments against Vafaiyan be paid prior to the remaining funds being returned to him. In nine issues,[1] Vafaiyan argues that the trial court erred by allowing a thirteen-year delay between when he requested return of the funds and finally ruling on the State's motion for forfeiture and that he suffered monetary damages due to this delay; that the trial court erred by denying his request for a court-appointed attorney; that the trial court erred by ordering that the two unpaid judgments be paid prior to his collecting the remaining funds because the prior judgments are "stale" and "void"; that the trial court erred by not requiring the State to produce certain records and documents prior to trial; that the trial court erroneously "switch[ed]" the parties in this case, causing him confusion and prejudice; and that the cumulation of these errors demands a new trial. We will affirm.

### II. BACKGROUND

This case arises out of Vafaiyan's arrest and later conviction and life sentence for the offense of money laundering wherein police seized $60,427.11 from the liner

---

[1]Even though Vafaiyan presents nine issues in his brief, many of his issues overlap. Thus, we have consolidated the overlapping elements of his issues and have grouped them into six different categories addressed throughout this opinion.

of a trash can and under the cash register of Vafaiyan's store, Krystal Mart. *Vafaiyan v. State*, 279 S.W.3d 374, 378 (Tex. App.—Fort Worth 2008, pet. ref'd).

In 2007, Vafaiyan, who at the time was represented by counsel, filed a "Motion to Release Seized Property"—the $60,427.11. This filing initiated the proceedings in this case. The State filed a response to the motion and a motion to dismiss for lack of jurisdiction. Through these motions, the State asserted that it had a legitimate statutory right to wait until mandate of Vafaiyan's conviction for money laundering had issued before it pursued forfeiture of the $60,427.11 under Article 18.18 of the Texas Code of Criminal Procedure.[2]

In July 2009, we issued our mandate after having affirmed Vafaiyan's conviction and sentence. From this time on, Vafaiyan proceeded pro se. After our mandate issued, the trial court initially scheduled a July 13, 2010 hearing regarding the State's Article 18.18 motion, but the trial court later rescheduled that hearing for February 8, 2011. During this time, Vafaiyan filed a mandamus petition in this court

___

[2]In its motion and at trial, the State argued that the $60,427.11 constituted a "criminal instrument" for purposes of Texas Code of Criminal Procedure Article 18.18 and that these monies were subject to forfeiture in favor of the State under this provision. Tex. Code Crim. Proc. Ann. Art. 18.18(a). Article 18.18(a) provides that "[f]ollowing the final conviction of a person . . . for an offense involving a criminal instrument . . . the court entering the judgment of conviction shall order that the . . . instrument . . . be destroyed or forfeited to the state." *Id.* Article 18.18(g)(1) states that a "criminal instrument" has "the meaning defined in the Penal Code." Tex. Code Crim. Proc. Ann. Art. 18.18(g)(1). The Penal Code defines "criminal instrument" as being "anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made, or adapted for use in the commission of an offense." Tex. Penal Code Ann. § 16.01(b)(1).

3

related to these funds. *In re Vafaiyan*, No. 02-11-00050-CV, 2011 WL 754394, at *1 (Tex. App.—Fort Worth Mar. 1, 2011, orig. proceeding) (mem. op.). Vafaiyan later withdrew his mandamus petition. *Id.* This case remained pending in the trial court.

Years later, the case eventually proceeded to a bench trial. Around a month before the bench trial, Vafaiyan filed a motion to strike the State's motion and requested relief on his 2007 motion wherein he sought the return of the $60,427.11. In this motion, Vafaiyan also sought 10% interest on the monies, $7,900 in attorney's fees, court costs, and "$100 per day punity [sic] damage[s]." A few days before trial, the State filed a "Notice of Receipt of Demands Against Funds and Request to Interplead Funds Into Registry of the Court." In the notice, the State listed a $54,364.41 debt and a $9,108.69 debt. The $54,364.41 debt was for a $26,520 judgment and $23,035.88 in interest plus court costs, attorney's fees, and post judgment costs. The other debt was the remaining debt from the $10,000 fine and court costs assessed from Vafaiyan's criminal conviction.

At trial, Vafaiyan requested appointed counsel, but the trial court denied his request. The only witness at the trial was investigator Mark Ball of the Department of Public Safety, who had investigated the events that led the State to charge Vafaiyan with money laundering. Vafaiyan, however, neither testified nor offered exhibits as evidence at trial. The trial court eventually denied the State's request for forfeiture under Article 18.18 and entered a final judgment granting relief to Vafaiyan. The trial court further ordered that the two outstanding judgments be satisfied prior to the

4

return of any monies to him. After satisfaction of the two judgments, all funds remaining from the original $60,427.11 plus all accrued interest were ordered paid to Vafaiyan. The "Order Regarding Request to Interplead Funds," signed by the trial court on January 2, 2018, reflects that $72,107.20 was to be paid into the court's registry. The interpleaded funds remain there pending resolution of Vafaiyan's appeal. The State has not appealed the adverse ruling.

## III. DISCUSSION

### A. The Delay in Trial

In his first, sixth, and eighth issues, and in part of his second issue, Vafaiyan argues that the trial court abused its discretion and reversibly erred by "allowing" the State to wait more than a decade before trying this case, complaining that the delay caused him damages in the amount of more than $3.6 million.[3]

The State counters that Vafaiyan did not present any proof of damages at trial and that because the trial court awarded him all accrued interest on the seized funds, he was adequately compensated for any delay. We agree with the State that Vafaiyan

---

[3]The damages Vafaiyan claims to be entitled to in his brief on appeal differ from the damages he pleaded in the trial court. In the trial court, Vafaiyan argued that in addition to the $60,427.11, he was entitled to 10% interest on the monies, $7,900 in attorney's fees, court costs, and "$100 per day punity [sic] damage[s]." In his briefing to this court, Vafaiyan argues that, minus the "$100 per day punity [sic] damage[s]," he is entitled to the originally pleaded damages plus "[t]riple damage[s]" in the amount of $181,281; damages for pain and suffering in the amount of $1,800,000; compensation for the loss of his store in the amount of $500,000; and lost rent from tenants in the amount of $336,820.

5

failed to present any evidence at trial of the damages he now claims and that he now fails to explain any reversible harm. Vafaiyan did not testify or offer any documentary evidence at trial. And in his brief, Vafaiyan provides no legal authority to support his claim that he is entitled to damages related to the delay in this case going to trial.

To be entitled to any damages, a party must present some proof of injury. *See 338 Indus., LLC v. Point Com, LLC*, 530 S.W.3d 729, 734 (Tex. App.—Amarillo 2017, pet. denied) ("Because Stratified Data bore the burden to prove its damages at trial, to sustain its issue on appeal it must demonstrate the evidence establishes, as a matter of law, all vital facts in support of the issue."); *Strain Bros., Inc. v. Bennett*, 456 S.W.2d 466, 467 (Tex. App.—El Paso 1970, no writ) (reasoning that the party seeking damages must prove them through sufficient evidence); *see also Johnston v. Houston Gen. Ins. Grp.*, 636 S.W.2d 278, 281 (Tex. App.—Fort Worth 1982, no writ) (stating that when a party has not pleaded an injury or sought such a finding at trial, there is no injury as a matter of law). And to justify an award of exemplary damages, a plaintiff must first prove actual damages. *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 284 (Tex. 1993) ("Recovery of punitive damages requires a finding of . . . actual damages.").

Here, Vafaiyan (1) produced no evidence at trial of, and he did not seek a finding at trial regarding, any actual injury or damages incurred because of the delay in this case reaching trial, and he has (2) provided no authority to this court to support his argument that he is entitled to damages related to the delay in this case proceeding to trial. Vafaiyan has also failed to explain how he was harmed, especially when, as

6

noted by the State, Vafaiyan was awarded all accrued interest, which amounted to an additional $11,680.09 at the time of interpleader. *See* Tex. R. App. P. 44.1. Accordingly, we overrule his first, sixth and eighth issues, and part of his second issue wherein he seeks damages related to the delay of trial. *See 338 Indus., LLC*, 530 S.W.3d at 734; *Strain Bros.*, 456 S.W.2d at 467.

## B.   The Trial Court's Denial of a Court-Appointed Attorney

In his third issue, Vafaiyan argues that the trial court abused its discretion by denying his request for appointed counsel. Specifically, citing Section 24.016 of the Texas Government Code, Vafaiyan argues that he was entitled to an appointed attorney because he is indigent, incarcerated, and disabled. *See* Tex. Gov't Code Ann. § 24.016 ("A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause."). We disagree that the trial court abused its discretion.

There is no statutory right for appointed counsel during a civil asset forfeiture proceeding. *$567.00 in U.S. Currency v. State*, 282 S.W.3d 244, 246–47 (Tex. App.—Beaumont 2009, no pet.). And we review the trial court's refusal to appoint counsel in such a proceeding for an abuse of discretion. *Id.* Specifically, we consider whether the party seeking the appointment of an attorney established at trial that the "public and private interests at stake in his case are so exceptional that the administration of justice would be best served by appointing a lawyer to represent him." *Id.*

7

In this case, Vafaiyan does not direct this court to any evidence of exceptional circumstances that would have justified appointing counsel at trial. Thus, we conclude that the trial court did not abuse its discretion by refusing Vafaiyan's request for appointed counsel. *Id.*; *see also Taylor v. Taylor*, No. 02-09-00035-CV, 2009 WL 4913867, at *2 (Tex. App.—Fort Worth Dec. 17, 2009, pet. denied) (mem. op.) (reasoning that without proof of exceptional circumstances the trial court did not abuse its discretion by refusing appointed counsel in a civil proceeding).

Moreover, although Vafaiyan proceeded pro se in the trial court, he was the prevailing party below; thus, he cannot show harm from the trial court's decision to not appoint counsel. *See* Tex. R. App. P. 44.1(a); *Romero v. KPH Consol., Inc.*, 166 S.W.3d 212, 225 (Tex. 2005). We overrule Vafaiyan's third issue.

## C.    The Trial Court's Ordering Payment of Prior Judgments

In his fifth issue, Vafaiyan argues that the trial court erred by ordering the deduction for two judgments against him from the proceeds of the judgment in his favor in this case. Specifically, Vafaiyan argues that these past judgments were "stale" or "void" under Section 34.001 of the Texas Civil Practice and Remedies Code because this case did not proceed to trial for more than a decade; thus, the State was not entitled to distribute his award against these judgments. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a). He also argues that these two outstanding judgments should have been paid from a prior forfeiture judgment against him in a 2010 case

8

and that laches applies to prevent the State from demanding payment of those judgments. We disagree.

Section 34.001 does not bar the State from seeking satisfaction of judgments in its favor even if they are more than ten years old. Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a); Tex. Prop. Code Ann. § 52.006(b). Indeed, Section 52.006(b) of the Texas Property Code provides that notwithstanding Section 34.001, a judgment in favor of the State does not become dormant. *See* Tex. Prop. Code Ann. § 52.006(b); *see also* Tex. Att'y Gen. Op. No. GA-0903, 2011 WL 6778219, at *2 (2011) (explaining the relationship between Section 34.001 and Section 52.006 and concluding that under Section 52.006, "the county may revive a dormant judgment at any time"). Because Section 34.001 does not render judgments in favor of the State dormant, we overrule this portion of his fifth issue.

To the extent that Vafaiyan argues that these judgments should have been satisfied from a prior forfeiture proceeding or barred by laches, he offers no authority supporting his contentions nor any argument as to why the complained-of judgments should have been satisfied from a prior proceeding or barred by laches. Thus, we overrule this portion of his fifth issue. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing the longstanding rule that

assertions of error may be waived through inadequate briefing). We overrule the remainder of Vafaiyan's fifth issue.

## D. Inadequate Briefing

In the remainder of his second issue and in his seventh issue, Vafaiyan argues that the trial court erred by not requiring the State to produce certain records, including a transcript of what Vafaiyan states was from a prior hearing on this matter and a general list of documents that he claims he requested from the State during discovery.[4] In his fourth issue, Vafaiyan argues that the trial court erred by allowing "the parties posi[t]ion [to be] changed by" the State and by allowing the State to become "the plaintiff" in the proceeding below. He argues that this caused him confusion and prejudiced his case.

The State argues that Vafaiyan has failed to adequately brief these issues and that, as the prevailing party below, he cannot show how he was harmed. We agree with the State.[5]

---

[4]Vafaiyan admitted at trial that he did not serve any discovery requests upon the State until after the case was set for trial.

[5]We are faced with a difficult task in addressing the appeal of this pro se appellant. We realize that Vafaiyan has proceeded without the assistance of counsel. But in order to prevent unfair advantage over litigants represented by counsel, pro se litigants are held to the same standards as licensed attorneys—all parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). Although we are to construe the rules of appellate procedure liberally, in this case, Vafaiyan's briefing is so inadequate that we would have to make his legal arguments for him. *See Republic*

Here, other than identifying the possibility of a transcript of the reporter's record of a hearing that is not found in the record, Vafaiyan does not point to any specific records or documents that he argues the State should have produced. Further, he provides no citation to authority to support his argument that he was entitled to these records and documents. Thus, we agree with the State that Vafaiyan has waived this complaint for our review because he has not adequately briefed the issue. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284–85. Moreover, Vafaiyan does not argue how or why these documents would have assisted him as the prevailing party below, how these alleged documents would have changed the trial court's ruling, or how his lack of these documents probably prevented him from properly presenting his case to this court; thus, he does not present an argument supporting a claim of reversible error. *See* Tex. R. App. P. 44.1(a); *Romero*, 166 S.W.3d at 225. We overrule the remainder of Vafaiyan's second issue, and we overrule his seventh issue.

Vafaiyan likewise does not cite to any authority to support his complaint about party-switching or explain how his case was prejudiced by his confusion. We conclude that Vafaiyan's fourth issue is inadequately briefed as well and thus he has

---

*Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). We have little latitude on appeal, and we cannot remedy deficiencies in a litigant's brief. *See Strange*, 126 S.W.3d at 678.

waived this argument on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284–85.

**E.      Cumulation of Errors and Collateral Attack on Criminal Conviction**

In part of his ninth and final issue, Vafaiyan appears to argue that the cumulation of errors that he alleges the trial court made in this case requires reversal. But there can be no "accumulation of errors" when, like here, a reviewing court overrules each of an appellant's individual issues. *See Buchanan v. Cent. Freight Lines, Inc.*, 462 S.W.2d 391, 398 (Tex. Civ. App.—Dallas 1970, writ ref'd n.r.e.) (holding that there was no "accumulation of errors" where court had already held that "the various rulings complained of were in our opinion not erroneous"). We overrule this portion of Vafaiyan's ninth issue.

In the remainder of his ninth issue, it appears that Vafaiyan is attempting to collaterally attack his criminal conviction for money laundering by attacking the judgment in this case. But a party may not predicate relief in a civil case based on a collateral attack to a final criminal conviction. *Cooper v. Trent*, 551 S.W.3d 325, 337 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994)). To the extent that Vafaiyan is attempting to seek relief by attacking his money laundering conviction through the appeal of this civil matter, he cannot. *See Cooper*, 551 S.W.3d at 337. We overrule the remainder of Vafaiyan's ninth issue.

## IV. Conclusion

Having overruled all nine of Vafaiyan's issues on appeal, we affirm the trial court's judgment.

/s/ Dana Womack
Dana Womack
Justice

Delivered: July 11, 2019